**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:25-CV-00284-CHL**

**SUSAN H.,[1]** **Plaintiff,**

**v.**

**COMMISSIONER OF SOCIAL SECURITY,** **Defendant.**

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Complaint filed by Plaintiff, Susan H. ("Claimant"). Claimant seeks judicial review of the final decision of the Commissioner of Social Security ("the Commissioner"). (DN 1.) Claimant and the Commissioner each filed a Fact and Law Summary and/or supporting brief. (DNs 19, 20, 23.) Claimant did not file a reply, and her time to do so has expired. (DN 16.) The Parties have consented to the jurisdiction of a Magistrate Judge to enter judgment in this case with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed. (DN 15.) Therefore, this matter is ripe for review.

For the reasons set forth below, the final decision of the Commissioner is **AFFIRMED**.

## I. BACKGROUND

On April 11, 2023, Claimant applied for disability insurance benefits under Title II ("DIB"). (R. at 11, 58, 64-65, 71, 192-98.) Her application alleged disability beginning on January 1, 2019, due to vision issues, degenerative disc disease, arthritis, bilateral neural foraminal SI joint dysfunction, and high blood pressure. (*Id.* at 11, 58, 64-65, 71, 242.) Claimant's applications were denied initially and again on reconsideration. (*Id.* at 77-81, 83-86.)

[1] Pursuant to General Order 23-02, the Plaintiff in this case is identified and referenced solely by first name and last initial.

At Claimant's request, Administrative Law Judge ("ALJ") Stacey Foster ("the ALJ") conducted a hearing on Claimant's application on March 20, 2024. (*Id.* at 36-57, 87-88.) Claimant attended the hearing by telephone with her non-attorney representative. (*Id.* at 38.) An impartial vocational expert also participated in the hearing. (*Id.*) During the hearing, Claimant testified to the following. She can walk a block before she has difficulties although she would need her cane and her back brace. (*Id.* at 43-44.) She has been using the brace since her hip fusion surgery in 2019. (*Id.* at 44.) She doesn't have any problems with balance since she started using the cane, but she had fallen multiple times before she started using it. (*Id.*) She can sit for around thirty minutes before she gets uncomfortable and needs to prop her leg up. (*Id.* at 44, 49.) She generally spends around six hours per day with her leg elevated. (*Id.* at 44.) She cannot lift anything over five pounds. (*Id.* at 45.) She has difficulty bending, stopping, kneeling, crouching, and crawling and would need assistance getting back up from those positions. (*Id.*) If she is up on her feet for a long period of time, her left ankle, foot, and a portion of her left leg swells. (*Id.* at 46.) She has constant numbness and tingling in her left foot. (*Id.* at 46.) She has carpal tunnel syndrome in her left wrist and repetitive movements with her left wrist cause it to flare up and then she has numbness and tingling from her fingers all the way up to her elbow. (*Id.*) She wears a brace when it flares up. (*Id.*) She sometimes needs help getting out of bed in the morning, and her daughter helps her put on her shoes and socks. (*Id.* at 47.) Her children do as much as possible for her around the house and also help her with shopping when she cannot use curbside pickup services. (*Id.*) She generally only gets about four hours of sleep at night due to her pain. (*Id.* at 47-48.) She takes gabapentin, but it makes her drowsy, makes her nauseous, and causes her memory fog. (*Id.* at 47.) She estimated she would need to call out of work at least half the days in a month due to either her impairments or to attend medical appointments for the same. (*Id.* at 49.)

The ALJ issued an unfavorable decision on June 11, 2024. (*Id.* at 8-26.) Applying the five-step sequential evaluation process promulgated by the Commissioner to determine whether an individual is disabled, the ALJ made the following findings. First, the Claimant had not engaged in substantial gainful activity between her alleged onset date of January 1, 2019, and her date last insured of December 31, 2023. (*Id.* at 13.) Second, Claimant had severe impairments including lumbar degenerative disc disease, SI joint dysfunction, and obesity. (*Id.*) Third, Claimant did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (*Id.* at 15.) Fourth, Claimant had the residual functional capacity ("RFC") to perform sedentary work "except that she cannot climb ladders, ropes, or scaffolds; she can occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs; and she must avoid concentrated exposure to vibration, hazards, and pulmonary irritants." (*Id.* at 16.) Additionally at step four, the ALJ found that Claimant was unable to perform any of her past relevant work. (*Id.* at 20.) Fifth, and finally, considering Claimant's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Claimant could perform. (*Id.*) The ALJ concluded that Claimant was not under a disability from January 1, 2019, her alleged onset date, through December 31, 2023, her date last insured. (*Id.* at 21.)

Claimant subsequently requested an appeal to the Appeals Council, which denied her request for review on April 17, 2025. (*Id.* at 1-7, 190-91, 311-13.) At that point, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. § 422.210(a) (2025); *see also* 42 U.S.C. § 405(h) (discussing finality of the Commissioner's decision). Pursuant to 20 C.F.R. § 422.210(c), Claimant is presumed to have received that decision five days later. 20 C.F.R. § 422.210(c). Accordingly, Claimant timely filed this action on May 16, 2025. (DN 1.)

## II. DISCUSSION

The Social Security Act authorizes payments of DIB to persons with disabilities. *See* 42 U.S.C. §§ 401-434. An individual shall be considered "disabled" if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a) (2025).

### A. Standard of Review

The Court may review the final decision of the Commissioner but that review is limited to whether the Commissioner's findings are supported by "substantial evidence" and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). "Substantial evidence" means "more than a mere scintilla"; it means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must "affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013); *see Smith v. Sec'y of Health & Hum. Servs.*, 893 F.2d 106, 108 (6th Cir. 1989) (holding that if the court determines the ALJ's decision is supported by substantial evidence, the court "may not even inquire whether the record could support a decision the other way"). However, "failure to follow agency rules and regulations" constitutes lack of substantial evidence, even where the Commissioner's findings can otherwise be justified by evidence in the record. *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011).

### B. Five-Step Sequential Evaluation Process for Evaluating Disability

The Commissioner has promulgated regulations that set forth a five-step sequential evaluation process that an ALJ must follow in evaluating whether an individual is disabled. 20 C.F.R. § 404.1520 (2025). In summary, the evaluation process proceeds as follows:

(1) Is the claimant involved in substantial gainful activity? If the answer is "yes," the claimant is not disabled. If the answer is "no," proceed to the next step.

(2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement[2] and significantly limits his or her physical or mental ability to do basic work activities? If the answer is "no," the claimant is not disabled. If the answer is "yes," proceed to the next step.

(3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within 20 C.F.R. Part 404, Subpart P, Appendix 1? If the answer is "yes," the claimant is disabled. If the answer is "no," proceed to the next step.

(4) Does the claimant have the RFC to return to his or her past relevant work? If the answer is "yes," then the claimant is not disabled. If the answer is "no," proceed to the next step.

(5) Does the claimant's RFC, age, education, and work experience allow him or her to make an adjustment to other work? If the answer is "yes," the claimant is not disabled. If the answer is "no," the claimant is disabled.

20 C.F.R. § 404.1520(a)(4).

The claimant bears the burden of proof with respect to steps one through four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). However, the burden shifts to the Commissioner at step five to prove that other work is available that the claimant is capable of performing. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008). The claimant always retains the burden of proving lack of RFC. *Id.*; *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 392 (6th Cir. 1999).

---

[2] To be considered, an impairment must be expected to result in death or have lasted/be expected to last for a continuous period of at least twelve months. 20 C.F.R. § 404.1509 (2025).

### C. Claimant's Contentions

Claimant made only one argument: that the ALJ's finding that her cane was not medically necessary was not supported by substantial evidence. (DN 19, at PageID # 1686-96; DN 20.) The ALJ's analysis was as follows:

> As for use of a cane, while the claimant has testified she uses a cane, the longitudinal record does not demonstrate the medical necessity of a cane for balance and/or ambulation. The record documents that in August 2022, the claimant requested and was provided a prescription for a cane from her primary care provider. She reported balance issues and falling. Exam from that visit noted asymmetric gait. However, other exams with this provider including after the cane was prescribed observe normal gait and station. (Ex. 7F page 28, 34-36, 38, 46; Ex. 12F page 51[.]) Pain clinic notes from June 2023 document the claimant also asked this provider for a cane reporting she often loses her balance. While these exams note antalgic gait, there is no evidence of issues with balance or coordination. Further, exams with other providers have observed no significant gait abnormalities. (Ex. 9F page 5; See exams, Ex. 6F page 5, 12, 16-17, 20, 23, 30- 31, 33-34, 41-42, 46-47; Ex. 9F page 5, 13, 19, 25, 33, 41, 50, 56, 62, 72, 80-81, 96, 107, 119, 125, 137, 144, 153, 161, 183, 189, 202, 217, 223, 232, 237-238; Ex. 12F page 1-28; Ex. 13F; Ex. 14F, 16F, 17F[.])

(R. at 18.) In support, the ALJ cited to a numerous records. These records generally fall into three categories: instances where the physical exam findings made no references to her gait (including no reference to gait abnormalities), finding of normal gait and station, and an often repeated finding that Claimant had an antalgic gait but ambulated without an assistive device. (*Id.* at 575, 581-82, 586-87, 590, 593-94, 600-01, 816-17, 873, 880, 897, 973-74, 1209, 1222-23, 1226-27, 1274, 1279, 1296, 1308, 1372-73, 1456, 1458, 1461, 1463, 1466, 1468, 1470, 1473, 1478, 1480, 1490-91, 1494-95, 1524, 1527, 1530, 1533, 1536, 1539, 1542 (documenting no findings regarding gait); *id.* at 603-04, 611-12, 616-17, 712, 722, 729-30, 1114, 1475, 1485, 1488, 1492-93, 1545 (documenting normal gait and/or station); *id.* at 741, 749, 755, 761, 769, 777, 786, 792, 798, 808, 832, 843, 855, 861, 889, 919, 925, 938, 953, 959, 968, 1068, 1075, 1082, 1124, 1130, 1138, 1147, 1155, 1161, 1167, 1175, 1183, 1192, 1198, 1204, 1214, 1238, 1244, 1256, 1262, 1288, 1318, 1324,

1337, 1352, 1358, 1367, 1551, 1565 (documenting antalgic gait but no use of assistive device). *But see id.* at 719, 1482 (documenting asymmetric gait and station).) Claimant argued that the ALJ's citations did not constitute substantial evidence because the examinations cited by the ALJ actually did note "antalgic gait both before and after a cane was prescribed, thus supporting deficiencies in [her] ability to ambulate." (DN 19, at PageID # 1695.) But Claimant cited no authority equating antalgic gait with a need for cane, and courts have found the same is not automatic. *See Adams v. Astrue*, No. 8:10-CV-2535-T-23TBM, 2011 WL 6942873, at *7 (M.D. Fla. Dec. 13, 2011), *report and recommendation adopted*, 2012 WL 13494, at *1 (M.D. Fla. Jan. 4, 2012) ("An antalgic gai[t] and/or a limp is not inconsistent with the ability to ambulate effectively."); *Daily v. Comm'r of Soc. Sec.*, No. 714CV1559GTSWBC, 2016 WL 1128136, at *10 (N.D.N.Y. Feb. 29, 2016), *report and recommendation adopted*, 2016 WL 1122067, at *1 (N.D.N.Y. Mar. 22, 2016) ("Plaintiff cites to the record indicating Plaintiff's gait was antalgic; however, this alone does not establish the need for a cane."). Here, the Court finds significant that the finding cited by the ALJ was not antalgic gait alone but antalgic gait combined with documentation that Claimant was not using an assistive device. This is distinguishable and provides greater support for the ALJ's analysis than it otherwise would.

But even more problematically for Claimant's argument and despite passing citation to the same, Claimant's brief does not fully address the impact of SSR 96-9p on the ALJ's analysis. SSR 96-9p defines when an ALJ must find that a hand-held assistive device, such as a cane, is medically required/necessary. SSR 96-9p, 61 Fed. Reg. 34478, 34482 (July 2, 1996). It explains,

> To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information).

*Id.* The mere prescription for a cane does not satisfy this standard. *See, e.g., Annette C. v. Comm'r of Soc. Sec.*, No. 24-13033, 2026 WL 867555, at *8 (E.D. Mich. Mar. 30, 2026) (collecting cases). Claimant's brief simply cited other treatment records that she claimed supported the need for a cane such as imaging results, EMG testing, complaints of back and leg pain, and complaints of weakness and numbness in foot. (DN 19, at PageID # 1690-94.) None of it rises to the level of documentation establishing that a cane was medically required under SSR 96-9p.

Given the numerous citations provided by the ALJ to support her explanation of why Claimant's cane was not medically necessary and the absence of qualifying competing evidence cited by Claimant, the Court finds that the ALJ supported her determination with substantial evidence. Claimant has done nothing more than attempt to point to evidence in the record that would support an opposite conclusion, which is insufficient to justify reversal under the substantial evidence standard. *See Gayheart*, 710 F.3d at 374. Courts have held repeatedly that a reviewing court's role in determining whether an ALJ's decision is based upon substantial evidence is not to "resolve conflicts in evidence or decide questions of credibility." *Conner v. Comm'r of Soc. Sec.*, 658 F. App'x 248, 253 (6th Cir. 2016) (citing *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012)). The ALJ properly resolved such a conflict here, and it is not for this Court to second guess her properly-supported analysis.

## III. CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that the final decision of the Commissioner is **AFFIRMED**. A final judgment will be entered separately.

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of Record

September 15, 2026